Julian Burns King (Bar No. 298617)
julian@kingsiegel.com
Robert King (Bar No. 302545)
robert@kingsiegel.com
Rachael E. Sauer (Bar No. 308549)
rsauer@kingsiegel.com
**KING & SIEGEL LLP**
724 S. Spring Street, Suite 201
Los Angeles, California 90014
tel: (213) 465-4802
fax: (213) 465-4803

Attorneys for Plaintiff Colleen Edwards

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Colleen Edwards,** an individual,

Plaintiff,

vs.

**NextGen Healthcare, Inc.,** a California corporation; **NXGN Management, LLC,** a California limited liability company; and **Does 1-10,** inclusive,

Defendants.

CASE NO. 8:25-cv-02185

Assigned to Hon. Mónica Ramírez Almadani

**PLAINTIFF'S CORRECTED NOTICE OF MOTION AND MOTION FOR ORDER REMANDING ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES**

Hearing Date: December 1, 2025
Place: Courtroom 9B, 9th Floor of the Ronald Reagan Federal Building

State Action Filed: August 25, 2025
Removal Date: September 26, 2025
Jury Trial Date: None Set

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 1, 2025 or as soon thereafter as the matter can be heard in Courtroom 9B, 9th Floor of the Ronald Reagan Federal Building and United States Courthouse of the above-titled court, located at 411 W 4th St., #1-053, Santa Ana, CA 92701, Plaintiff Colleen Edwards ("Plaintiff") will and hereby does move this Court for an Order remanding this action to the Orange County Superior Court on the grounds that this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. §§ 1446 and 1447 and Fed. R. Civ. P. 12(h)(3).

This Motion is based on this Notice, the Memorandum of Points and Authorities, the Declarations of Colleen Edwards and Rachael Sauer, and the Proposed Order lodged herewith, the complete files and records in this action, and all other matters and evidence that may be presented at the hearing on this Motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on October 21, 2025, the earliest date counsel for Defendants was available.

Dated: October 28, 2025

Respectfully submitted,

**KING & SIEGEL LLP**

By: *Robert J. King*

Julian Burns King
Robert J. King
Rachael Sauer
Attorneys for Plaintiff



King & Siegel LLP

King & Siegel LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Colleen Edwards brought suit in California state court (Case No. 30-2025-01506498-CU-WT-CJC) against Defendants NextGen Healthcare, Inc. and NXGN Management, LLC (collectively, "Defendants") alleging violations of the Fair Employment and Housing Act, California Labor Code section 1197.5, and wrongful termination under California law. Defendants then removed the state action to this Court on September 26, 2025, on the alleged basis that this Court has diversity jurisdiction over the case.

Defendants are incorrect. There is not the requisite complete diversity between the parties to establish subject matter jurisdiction under 28 U.S.C. §§ 1446 and 1447, and this Court must remand for lack subject matter jurisdiction pursuant to F.R.C.P. 12(h)(3).

As set forth in the Complaint, Defendants are California residents, just like Plaintiff. Accordingly, this Court should remand the action to the Superior Court for the County of Orange where it belongs.

## II. STATEMENT OF FACTS

Plaintiff filed her Complaint in Orange County Superior Court on August 25, 2025, alleging six causes of action, principally alleging claims under FEHA and the Labor Code: (1) discrimination in violation of FEHA; (2) harassment in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to prevent discrimination and retaliation; (5) violation of the California Equal Pay Act; and (6) wrongful termination in violation of public policy; and (7) defamation. Declaration of Rachael Sauer ("Sauer Decl."), ¶ 2, Ex. 1.

As pled in her Complaint, Plaintiff is a resident of Orange County, California, and Defendants similarly reside in California, with a principal place of business in Irvine, California. Sauer Decl. ¶ 2, Ex. 1.

On September 26, 2025, Defendants filed a Notice of Removal in this Court alleging diversity jurisdiction on the purported basis that Defendants are residents of Delaware, Illinois and/or Florida. Dkt. No. 1. Defendants asserted no other basis for this Court's jurisdiction, as there is no other basis for subject matter jurisdiction.

## III. MEET AND CONFER

Shortly after Defendants filed their Notice of Removal, Plaintiff's counsel was out of the office from October 1-14. Sauer Decl. ¶ 3.

On October 15, Plaintiff's counsel emailed Defendants' counsel asking for their availability for a telephonic meet and confer to discuss Plaintiff's proposed Motion to Remand. Sauer Decl. ¶ 4. Defendants' counsel, Shiva Davoudian, stated that she was unavailable that week and asked for Plaintiff's counsel's availability the following Monday or Tuesday, October 20 or 21. *Id.* Plaintiff's counsel replied on October 16, "I'm flexible for a call next Monday and I can also make Tuesday afternoon work (after 1:00). Let me know what works best on your end and I will give you a call at that time." *Id.* Defendants' counsel never responded to this email. *Id.*

On Monday, October 20, Plaintiff's counsel followed up and again asked for Defendants' counsel's availability for a call. Sauer Decl. ¶ 5. The Parties subsequently met and conferred telephonically on October 21, 2025. *Id.* During the telephonic meet and confer, Plaintiff's counsel explained the arguments she planned to raise in her motion to remand, including that most of the executive leadership team resided in California. *Id.* Defendants' counsel merely asserted that the information was inaccurate, without offering any factual basis or evidence to support that assertion. *Id.* When Plaintiff's counsel asked Defendants' counsel to explain the basis for her claim that the information was inaccurate, Defendants' counsel declined to provide any explanation, stating only that she "*would like [Plaintiff's counsel] to waste more of [her] time*" with motion practice. *Id.* Needless to say, the telephonic meet and confer was not productive.

Because Plaintiff's counsel was out of the office until October 14 and





King & Siegel LLP

Defendants' counsel represented that she was unavailable for a call until after the period required to meet and confer under Local Rule 7-3, Plaintiff's counsel diligently attempted but was ultimately unable to conduct the conference seven days before the October 24 filing deadline, despite making every reasonable effort to do so. Sauer Decl. ¶ 6.

## IV. <u>LEGAL STANDARD</u>

The burden of establishing federal subject matter jurisdiction "is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chemicals Co.,* 29 F.3d 148, 151 (4th Cir.1994) (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). The removing party bears the burden of establishing that subject matter jurisdiction exists, and any doubts are resolved in favor of remand. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). The party asserting federal jurisdiction must establish jurisdictional facts by competent proof. *Id.*

A corporation is a citizen of (1) its state of incorporation and (2) the state of its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–97 (2010); *CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19 (2016); *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310 (2019). The Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), adopted the "nerve center" test for determining a corporation's principal place of business. Under this test, a corporation's principal place of business "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 80-81. This location is typically where the corporation maintains its headquarters, provided that the headquarters is the "actual center of direction, control, and coordination," and not merely an office for board meetings or administrative formalities. *Id.* at 93. The *Hertz* Court emphasized that administrative simplicity and predictability are key virtues of the "nerve center" test. *Id.* at 94-95. However, courts



King & Siegel LLP

must remain vigilant against jurisdictional manipulation; if the purported "nerve center" is merely a mail drop, a nominal office, or the site of occasional meetings, the court must look instead to the true center of corporate direction and control. *Id.* at 97.

### A. Defendants Have Not Met Their Burden to Establish Complete Diversity

The burden of proving diversity jurisdiction rests squarely on the party asserting it. *Kokkonen*, 511 U.S. at 377. Defendants must demonstrate by competent proof that their principal place of business is located in a state different from Plaintiff's. They have failed to do so.

In *Hoschar v. Appalachian Power Co.*, 739 F.3d 163 (4th Cir. 2014), the Fourth Circuit reaffirmed that the threshold issue in any removal based on diversity jurisdiction is whether complete diversity exists among the parties. There, the appellants challenged the district court's finding that Appalachian Power Company's principal place of business was in Ohio rather than West Virginia. The Fourth Circuit held that the "nerve center" test requires identifying "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 170–71 (quoting *Hertz*, 559 U.S. at 80–81).

Here, Defendants' removal is based on the following: "Although NextGen is a remote first company, NextGen's executives, officers, and board members direct, control and coordinate the corporations activities primarily from Chicago, Illinois, and Miami, Florida. From at least November 2023, **the corporation's executives and board members meet quarterly in person primarily either in Chicago or Miami** whereby a substantial majority of the corporate decisions, including operational, executive and administrative policy are all made." Dkt. No. 1, Attachment #1, Declaration of Donna Greene ISO Defendants' Removal at ¶ 4 (emphasis added). The Supreme Court in *Hertz* expressly rejected the notion that a corporation's principal place of business can be established by the site of occasional



King & Siegel LLP

board meetings or similar gatherings. This is not sufficient to meet Defendants' burden of proving diversity jurisdiction.

**B. The Evidence Demonstrates That Defendants' "Nerve Center" Is Located in the Same State as Plaintiff**

As of the date this action was filed, Defendants' executive and administrative control was centered in California. The majority of key executive officers responsible for NextGen's strategic, financial, and operational direction – including the President/COO, Chief Financial Officer, Chief Human Resources Officer, and Chief Information & Security Officer – were, and still are, based in California. Edwards Decl. ¶ 4, Ex. 1. These officers collectively directed corporate strategy, finance, accounting, human resources, and cybersecurity – functions that constitute the company's operational "brain." *Id.* at ¶ 8. The CFO and CEO, both located in California, set corporate objectives and metrics, approve meeting agendas and board presentations, and oversee personnel and financial decisions. *Id.* Human resources, IT, and cybersecurity operations are managed primarily by California-based teams, many of whom continue to work remotely from California following the pandemic. *Id.* at ¶¶ 8, 12.

Although Defendants claim to maintain a "headquarters" in Atlanta, the evidence shows this address is headquarters in name only. Edwards Decl. ¶ 9. NextGen vacated its Atlanta office years ago and conducts no executive operations there. *Id.*

Quarterly board meetings occasionally held in Chicago or Miami were designed to accommodate the private equity firm Thoma Bravo, not because those locations represented the company's operational control centers. Edwards Decl. ¶ 10. Under *Hertz*, board meetings or periodic gatherings do not transform those sites into a corporation's principal place of business.

Furthermore, all paper documentation, including financial and human resources records, are maintained and managed by California-based personnel.





King & Siegel LLP

Edwards Decl. ¶ 11.

NextGen's power, control and operations are largely centered in California, particularly now that Sri Velamoor serves as Chief Executive Officer. California has always been and remains the true center of corporate management and decision-making. Taken together, these facts demonstrate that NextGen's "nerve center" – and therefore its principal place of business – is in California. Because Plaintiff is also a California citizen, complete diversity does not exist, and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

**C. Any Doubts Must Be Resolved in Favor of Remand**

Even if some uncertainty remains as to Defendants' true principal place of business, that ambiguity must be resolved in favor of remand. The removal statute is strictly construed against federal jurisdiction. *See, e.g.*, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal courts are obligated to presume that a case lies outside their limited jurisdiction, and the removing party must show to a legal certainty that jurisdiction exists. *Id.* Because Defendants have not met this burden, and the record supports Plaintiff's contention that Defendants are citizens of the same state as Plaintiff, remand is required.

## V. <u>ADDITIONAL DISCOVERY MAY UNEARTH ADDITIONAL FACTS SUPPORTING REMAND</u>

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h). Because subject matter jurisdiction is an absolute jurisdictional requirement for the district court to oversee an action, a party may bring a motion to remand based on lack of subject matter jurisdiction at any time prior to final judgment. 28 U.S.C § 1447(c); *see also Int'l Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72, 87 (1991).

If the Court is inclined to deny Plaintiff's Motion, Plaintiff respectfully requests the court do so without prejudice to Plaintiff renewing her motion after she has had

King & Siegel LLP

the opportunity to conduct discovery sufficient to establish that California is Defendants' principal place of business. Such discovery is appropriate "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. United States Department of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citations omitted).

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this action be remanded to the Orange County Superior Court. In the alternate, Plaintiff respectfully requests jurisdictional discovery.

Dated: October 28, 2025

Respectfully submitted,

**KING & SIEGEL LLP**

By: *Robert J. King*
Julian King
Robert J. King
Rachael Sauer
Attorneys for Plaintiff

King & Siegel LLP

King & Siegel LLP

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

I, Brittany Bean, hereby state that I am over the age of 18 and not a party to this action. I am employed in and a resident of the county where service occurred, and my business is headquartered at 601 University Avenue Ste. 275 Sacramento, California 95825.

On October 28, 2025, I caused to be served the following documents described below using the method(s) of service indicated herein:

1. **Corrected Notice of Motion and Motion to Remand**

These documents have been served on the interested parties in this action as follows:

Shiva Shirazi Davoudian (Bar No. 232771)
sdavoudian@littler.com
Hider Jamal Al-Mashat (Bar No. 291664)
halmashat@littler.com
**Littler Mendelson P.C.**
2049 Century Park East 5th Floor
Los Angeles, CA 90067-3107

**[X] BY COURT'S CM/ECF SYSTEM:** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury pursuant the laws of State of California that the foregoing is true and correct.

Executed on October 28, 2025 in Sacramento, California.

Brittany Bean
Brittany Bean