Shiva S. Davoudian, Bar No. 232771
sdavoudian@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Facsimile: 800.715.1330

Hider J. Al-Mashat, Bar No. 291664
halmashat@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Facsimile: 800.715.1330

Attorney for Defendants
NEXTGEN HEALTHCARE, INC.; NXGN MANAGEMENT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

COLLEEN EDWARDS, an individual,

Plaintiff,

v.

NEXTGEN HEALTHCARE, INC., a California corporation; NXGN MANAGEMENT, LLC, a California limited liability company; and Does 1-10, inclusive,

Defendants.

Case No. 8:25-cv-02185

ASSIGNED TO HON. MÓNICA RAMÍREZ ALMADANI

**DEFENDANTS NEXTGEN HEALTHCARE, INC.'S AND NXGN MANAGEMENT, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT**

*[Removed From Orange County Superior Court Case No. 30-2025-01506498-CU-WT-CJC]*

Hearing Date: December 1, 2025
Time: 1:30 pm
Dept.: Courtroom 9B, 9th Floor, Ronald Reagan Federal Building

Trial Date: None Set
Complaint Filed: August 25, 2025
Removal Date: September 26, 2025

# TABLE OF CONTENTS

Page


**I.** INTRODUCTION ....................1

**II.** RELEVANT PROCEDURAL HISTORY & STATEMENT OF FACTS ....................2

- **A.** Relevant Procedural History....................2
- **B.** Plaintiff Failed To Meet And Confer As Required By L.R. 7-3. ....................3
- **C.** Defendants' Nerve Center Is *Not* In California. ....................4
  - **1.** NextGen's Board Of Directors Direct, Control, And Coordinate The Corporation's Activities From Chicago And Miami. ....................4
  - **2.** NextGen's ELT Members Direct, Control, And Coordinate The Corporation's Activities Primarily From Outside California....................6
  - **3.** NextGen Does Not Have Offices In California And Mostly Employs Personnel Outside of California. ....................9

**III.** LEGAL ARGUMENT....................10

- **A.** The Legal Standard For The Court's Jurisdiction. ....................10
- **B.** There Is Complete Diversity Of Jurisdiction Between the Parties. ....................11
- **C.** Plaintiff Failed to Meet and Confer. ....................15

**IV.** CONCLUSION....................16


LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*,
636 F.3d 101 (4th Cir. 2011) .......... 19

*Clemens v. DaimlerChrylser Corp.*,
2006 WL 6022681 (C.D. Cal. 2006) .......... 19

*Ganesan v. GMAC Mortg., Inc.*,
2011 WL 1496099 (N.D. Cal. Apr. 20, 2011) .......... 17

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010) .......... 14, 15, 18

*Holland-Thielen v. Space Expl. Techs. Corp.*,
2024 WL 4652812 (C.D. Cal. Oct. 24, 2024) .......... 16

*Hoschar v. Appalachian Power Co.*,
739 F.3d 163 (4th Cir. 2014) .......... 15, 16

*Jimirro v. Paley Center for Media*,
2025 WL 833439 (C.D. Cal. Mar. 17, 2025) .......... 14, 16

*L'Garde, Inc. v. Raytheon Space & Airborne Sys.*,
805 F.Supp.2d 932 (C.D. Cal. 2011) .......... 16, 18, 19

*N. Cal. Power Agency v. AltaRock Energy, Inc.*,
2011 WL 2415748 (N.D. Cal. June 15, 2011) .......... 18

*NewGen, LLC v. Safe Cig, LLC*,
840 F.3d 606 (9th Cir. 2016) .......... 15

*Sanchez v. Elevance Health Companies, Inc.*,
2023 WL 8235238 (C.D. Cal. Nov. 27, 2023) .......... 14

*Strotek Corp. v. Air Transport Ass'n of America*,
300 F.3d 1129 (9th Cir. 2002) .......... 14, 18

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**Other State Cases**

*Colleen Edwards v. NextGen Healthcare, Inc., NXGN Management, LLC, and Does 1-10*,
Case No. 30-2025-01506498-CU-WT-CJC ........................................................6

**Federal Statutes**

28 U.S.C.
§ 1332(a) ........................................................................................................14
§ 1332(a)(1) .......................................................................................................5
§§ 1332(a)(1), 1441, and 1446 ..........................................................................6

§ 1332(c)(1)......................................................................................................5, 14

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

## I. INTRODUCTION

Defendants NextGen Healthcare Inc. ("NextGen") and NXGN Management, LLC ("NXGN") (collectively "Defendants") properly removed Plaintiff Colleen Edwards' ("Plaintiff") Complaint from the Superior Court of California, County of Orange to this Court because all of the necessary factors for diversity of jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) ("Section 1332(a)(1)") are clearly satisfied. In fact, in her Motion to Remand ("Motion"), Plaintiff does not dispute that the amount in controversy in this action exceeds the $75,000 minimum jurisdictional threshold, admits that she is a citizen of California, admits that NextGen is incorporated in Delaware, and further conceded that NXGN, a limited liability company, is a citizen of its sole member NextGen. *See, generally* Docket ("Dkt.") #12, Motion.

Plaintiff's Motion is based entirely on her speculative and erroneous contentions – for which she lacks personnel knowledge – that NextGen is "based" in California. The applicable authorities are clear; for diversity purposes, a corporation is a citizen of the state(s) where it is incorporated and has its principal place of business, *i.e.*, where its board and high level officers *direct, control and coordinate* its activities, not where it is "based." *See* Dkt. 12, Motion at p. 7. Plaintiff lacks personal knowledge about Defendants' business operations sufficient to refute Defendants' showing that their "nerve center" are in Chicago, Illinois and Miami, Florida. Plaintiff's allegations to the contrary are not supported by any admissible evidence or legal authority. Instead, Plaintiff's Motion is based entirely on Plaintiff's speculative allegations about Defendants' business operations and LinkedIn screenshots with incorrect information. Plaintiff has failed to proffer any admissible evidence sufficient to refute Defendants' clear showing that the instant lawsuit is, in fact, between "citizens of different States" as required by Section 1332(c)(1).

Moreover, Plaintiff's motion need not be considered on the merits because Plaintiff failed to comply with Rule 7-3 of the Local Rules of the U.S. District Court for the Central District of California ("Local Rules") by failing "to discuss thoroughly … the substance of the contemplated motion and any potential resolution … at least 7 days prior to the filing

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

of the motion." Consequently, Plaintiff's motion should be denied due to her failure to comply with Local Rule 7-3.

Had Plaintiff discussed thoroughly the substance of the Motion, she would have learned that her factual contentions regarding the location of NextGen's Executive Leadership Team ("ELT") and its business operations are wrong. Only three (3) of its thirteen (13) ELT members are located in California, the highest-level corporate decisions are made outside of California, just a mere 11% of its approximately 2,056 employees are in California, its personnel and business records are maintained electronically (not in California), and Defendants do not maintain any physical offices in California. Plaintiff has no evidence or personal knowledge to dispute that NextGen's ELT and Board of Directors direct, control and coordinate its activities from Chicago, Illinois, and Miami, Florida. Based on the foregoing, Defendants respectfully request that this Court deny Plaintiff's Motion.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

## II. RELEVANT PROCEDURAL HISTORY & STATEMENT OF FACTS

### A. Relevant Procedural History.

On August 25, 2025, Plaintiff filed a Complaint against Defendants in the Superior Court for the State of California, the County of Orange, titled *Colleen Edwards v. NextGen Healthcare, Inc., NXGN Management, LLC, and Does 1-10*, Case No. 30-2025-01506498-CU-WT-CJC ("Complaint"). *See* Dkt. 1-2, ¶ 2. On August 29, 2025, Defendants were personally served with the Complaint via their agent for service of process. *See* Dkt. 1-2, at ¶ 4. On September 26, 2025, Defendants timely removed this action based on complete diversity pursuant to 28 U.S.C sections 1332(a)(1), 1441, and 1446. *See* Dkt. 1.

Defendants' Notice of Removal provides evidentiary support for its position that there is complete diversity between the parties and that the amount in controversy exceeds $75,000. *See* Dkt. 1, ¶¶ 13, 15-18, 26-31. Specifically, Defendants submitted the Declaration of Donna Greene setting forth evidence that: (1) Defendant NextGen is organized and incorporated in the state of Delaware and NextGen's executives and board members direct, control and coordinate the corporation's activities from Chicago, Illinois

and Miami, Florida; and (2) Defendant NXGN is a limited liability company, and its sole member is Defendant NextGen, and therefore NXGN shares its citizenship with NextGen. *See* Dkt. 1-1, ¶¶ 3-6. On October 3, 2025, Defendants timely filed an Answer to Plaintiff's Complaint. *See* Dkt. 6.

**B. Plaintiff Failed To Meet And Confer As Required By L.R. 7-3.**

On October 21, 2025, Plaintiff's counsel and Defendants' counsel spoke telephonically regarding Plaintiff's anticipated Motion. Declaration of Shiva Davoudian In Support of Defendants' Opposition to Plaintiff's Motion for Remand ("Davoudian Decl."), ¶ 2. Prior to this brief conversation, Plaintiff's counsel had not communicated the factual basis for Plaintiff's anticipated Motion. *Id.* Instead of a good-faith discussion, Counsel quickly read from a list of purported "facts" that were allegedly supplied by Plaintiff. Davoudian Decl., ¶ 3. Defendants' counsel explained that Plaintiff lacks personal knowledge about Defendants' operations and that although Defendants' counsel did not have personal knowledge sufficient to address every issue raised by Plaintiff's counsel, Plaintiff's contention that the majority of the ELT reside in California is incorrect. *Id.* In addition, Defendants' counsel advised counsel for Plaintiff that a motion based solely on Plaintiff's "beliefs" would be wasteful and agreed to confer with Defendants to investigate Plaintiff's allegations so that the parties could further meet and confer. Davoudian Decl., ¶ 4.

On Friday, October 24, 2025, at 1:17 p.m., counsel for Defendants advised Plaintiff's counsel that Defendants were still investigating some of Plaintiff's allegations and planned to provide those answers on Monday, October 27, 2025. Davoudian Decl., ¶ 5, **Ex. A**. Nearly three hours later, at 4:36 p.m., Plaintiff filed her Motion, without completing the meet and confer process or asking that the parties stipulate to a briefing schedule that would have allowed Plaintiff the opportunity to evaluate the facts that Defendants' counsel had gathered to share with Plaintiff's counsel. Davoudian Decl., ¶ 6. Had Plaintiff timely met and conferred and discussed thoroughly the grounds for her Motion, Plaintiff could have avoided brining this unnecessary Motion.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

### C. Defendants' Nerve Center Is *Not* In California.

Defendant NextGen is organized and incorporated in the state of Delaware. *See* Declaration Of Donna Greene In Support Of Defendants' Opposition to Plaintiff's Motion for Order Remanding Action to State Court ("Greene Decl.") ¶ 3. Thoma Bravo, a software-focused private equity firm headquartered in Miami, acquired NextGen in a take-private transaction in 2023. Greene Decl., ¶ 4. In June 2025, Madison Dearborn Partners ("MDP"), a leading private equity firm headquartered in Chicago, acquired a significant ownership position in NextGen. *Id.* However, MDP's stake in NextGen did not amount to a change-in-control transaction. *Id.*

#### 1. NextGen's Board Of Directors Direct, Control, And Coordinate The Corporation's Activities From Chicago And Miami.

NextGen has four directors on its Board of Directors: 1) Elizabeth Betten, Partner and Co-Head of Healthcare at MDP, located in Chicago, Illinois; 2) Jason Shideler, Partner and Co-Head of Healthcare at MDP, located in Chicago, Illinois; 3) A.J. Rhode, Senior Partner at Thoma Bravo, located in San Francisco, California; and 4) Peter Hernandez, Senior Vice President at Thoma Bravo, located in Miami, Florida. Greene Decl., ¶ 5.

NextGen's Board of Directors is regularly and heavily involved in and is the ultimate authority for high-level strategic, financial, and operational decision making of NextGen. The Board of Director's direction, control, and coordination of NextGen's high-level operational activities is not limited to direction provided during quarterly in-person Board Meetings; they routinely engage with relevant members of the ELT to oversee the Company's business operations from their corporate headquarters in Chicago and Miami. For instance, the Board of Directors approves NextGen's annual operating budget, and Ms. Betten and Mr. Shideler meet bi-weekly with relevant members of the ELT to strategically manage the operations in order to meet relevant financial goals and metrics approved by the Board of Directors. In addition, ELT members must follow operational and reporting guidelines developed by the Board of Directors, including for instance, obtaining approval from the Board of Directors for any requisition above $500,000. As such, the high-level

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

control of NextGen's business activities by the Board of Directors are routinely conducted from Miami, Florida and Chicago, Illinois. Greene Decl., ¶ 6.

The ELT and Board of Directors, control and coordinate the corporation's activities primarily from Chicago, Illinois, and Miami, Florida. From at least November 2023, the ELT and Board of Directors all travel to MDP's office in Chicago or Thoma Bravo's office in Miami, for quarterly in-person meetings, whereby a substantial majority of the high-level corporate decisions, including operational, executive, financial, strategic and administrative policy are all made. These in-person meetings of the ELT with the Board of Directors, are not occasional, performative, or administrative. The decisions made at these meetings include:

i. Devising strategies for use and development of technology and engineering plans for development of new platforms, and use of cloud computing and integration of artificial intelligence tools within NextGen's broad portfolio of current product offerings.

ii. Set business objectives, such as revenue and earnings before interest, taxes, depreciation, and amortization ("EBITDA") targets.

iii. Corporate planning, for example discussing acquisition and business partnering opportunities and approving acquisitions and significant partnerships.

iv. Financial decisions, such as: (1) setting the annual operating budget; (2) reviewing the Company's management of operations consistent with the budget; (3) making necessary adjustments to the budget and business operations to operate within the budgetary parameters developed by the Board of Directors; and (4) reviewing, analyzing and approving requests for corporate expenditures in excess of $500,000 in the aggregate.

v. Information technology and cybersecurity decisions, such as overseeing all information security matters through a Cybersecurity

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

Committee of the Board.

vi. Administrative decisions, such as (1) approving the grant of equity units to employees and whether to repurchase the equity units of terminated employees; (2) appointing the officers of the corporation; (3) approving the compensation of the officers of the corporation; (4) approving the payment of any annual bonus to the employees of the corporation; (5) approving the establishment or dissolution of any subsidiaries of the corporation.

Greene Decl., ¶ 9.

As such, the high-level control of NextGen's business activities by the Board of Directors are routinely conducted from Miami, Florida and Chicago, Illinois. Greene Decl., ¶ 6.

**2. NextGen's ELT Members Direct, Control, And Coordinate The Corporation's Activities Primarily From Outside California.**

From August 25, 2025, when Plaintiff filed her Complaint, through September 26, 2025, the date of Removal, NextGen had thirteen (13) ELT members, who work closely with NextGen's Board of Directors to implement their directives and to manage and coordinate NextGen's business activities. Each ELT member performs key tasks necessary for the operation of NextGen's business. The ELT members include:

vii. Bob Murry, Chief Medical Officer, located in New Jersey. In his role as CMO, Dr. Murry's duties include ensuring regulatory compliance and quality assurance between NextGen's technology and clients' medical practices, guiding product safety and efficacy, and developing educational materials to both customers and NextGen's internal teams.

viii. Chandradip Dass, Senior Vice-President Managing Director, located in India. In his role as SVP Managing Director, Mr. Bass' duties include managing NextGen's operations in India and directing the corporation's strategic direction in the country.

ix. David Sides, Chief Executive Officer, located in Connecticut. In his role as CEO, as of the date of Removal, Mr. Sides' duties included ensuring the operational success of the corporation, managing relationships, and overseeing strategy and product development.

x. Diane Kaye, Chief Product Officer, located in Massachusetts. In her role as CPO, as of the date of Removal, Ms. Kaye was responsible for leading NextGen's product vision, strategy, and execution across its SaaS software, analytics, and managed services portfolio. This role drives the transformation from a sales and engineering–led organization to a modern, product-led enterprise. The CPO oversees P&L performance, defines and executes a unified platform strategy, and spearheads modernization efforts focused on cloud and AI innovation. This role includes building and scaling a high-performing product organization, developing new products and partnerships, and ensuring customer-centric innovation that aligns with business objectives.

xi. Jacob Sims, Chief Technology Officer, located in Texas. In his role as CTO, Mr. Sims' is responsible for defining and executing the company's technology vision and product platform strategy to drive modernization, innovation, and growth across its healthcare IT portfolio. Mr. Sims leads global software engineering, architecture, DevOps, and cybersecurity teams to build a modern, cloud-first platform that replaces legacy systems, enhances scalability, and integrates AI, analytics, and interoperability capabilities. This role requires a hands-on, transformational leader with deep expertise in SaaS architecture, agile development, and healthcare technology, who can optimize global operations, manage technical debt, and ensure regulatory compliance.

xii. Garo Doudian, Chief Information & Security Officer, located in California. In his role as CISO, Mr. Doudian's duties include developing and implementing security policies, ensuring compliance with regulations, identifying and correcting security risks, and preventing security breaches.

xiii. James Hammerschmidt, Chief Financial Officer, located in California. In his role as CFO, Mr. Hammerschmidt's duties include ensuring the financial health of

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

the corporation and conducting financial reporting and financial planning, including preparing financial plans and budgets for review and final approval by the Board of Directors.

xiv. Jeff Linton, Chief Legal Officer, located in Indiana. In his role as CLO, Mr. Linton's duties include serving as the corporation's general counsel and corporate secretary, ensuring regulatory compliance, corporate governance and developing and implementing legal strategies.

xv. Katie Chaffee, Chief Client Officer, located in Missouri. In her role as CCO, Ms. Chaffee's duties include serving client relationships, ensuring the corporation's strategy and products are meeting customer needs, supporting product development, and maintaining client retention.

xvi. Mitchell Waters, Chief Revenue Officer, located in Georgia. In his role as CRO, Mr. Waters' duties include overseeing revenue-generating teams such as sales and marketing and developing revenue strategies to attract new clients and customers.

xvii. Ryan Miller, Senior Vice-President of Corporate and Business Development, located in Indiana. In his role as SVP of Corporate and Business Development, Mr. Miller's duties include developing business partnerships and acquisitions, driving business grown with the corporation's internal teams, and ensuring financial strategy is met.

xviii. Srinivas Velamoor, President and Chief Operating Officer, located in California. In his role as COO, as of the date of Removal, Mr. Velamoor's duties include executing the corporation's strategic plan and operational growth of the business and managing internal operations. Mr. Velamoor was promoted to CEO effective September 30, 2025.

xix. Donna Greene, Chief Human Resources Officer, is located in Wisconsin. In here role as the CHRO, her duties include, but are not limited to, leading a team of Human Resources professionals to support executing Human Resources programs and initiatives, such as talent management, succession planning, performance management, recruiting,

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

compensation planning, and employee relations. Ms. Greene also helps develop business strategies and delivery of meaningful Human Resources tools and results. Greene Decl., ¶¶ 2 & 7.

Accordingly, the majority of the high-level direction, control, and coordination of NextGen's business by ELT members is conducted outside of California. In fact, as a remote-first Company, NextGen's ELT regularly travel throughout the United States, India and other international locations to direct, manage, control, and coordinate NextGen's business activities. Based on my review of corporate records regularly maintained in the ordinary course of business by NextGen, within the time period of August 2025 to September 26, 2025, ELT members that maintain a home in California, including NextGen's then CISO, CFO, and COO, spent a combined 50 business days outside of California to attend ELT meetings, Board meetings, client meetings and a conference with top-performing employees, which occurred on August 17-21, August 24-29, September 11-18, and September 21-24. Between August and September 26, 2025, Mr. Velamoor, who was the COO of NextGen at the time, worked 22 out of 42 business days (52% of his time) outside of California and also spent four (4) weekend days (total of 26 total days) outside of California to direct, control, and coordinate NextGen's business activities.

**3. NextGen Does Not Have Offices In California And Mostly Employs Personnel Outside of California.**

NextGen does not have any physical offices in California. On December 31, 2020, NextGen closed its San Diego, California office and starting in August 2020, NextGen began vacating its Irvine, California office, located at 18111 Von Karman Ave. The Irvine office formally closed on March 31, 2025, when the lease on this location ended. Greene Decl., ¶¶ 11-12. As such, since March 31, 2025, NextGen did not have any offices in California and NextGen's business records were not maintained in California. *Id.*

In addition, as of 2025, NextGen has employed approximately 2,056 individuals nationwide and in India. Greene Decl., ¶ 10. Only 11% of NextGen's workforce is located in California. *Id.*

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

NextGen Healthcare, Inc. is the parent company of NXGN Management LLC. Greene Decl., ¶ 13. NXGN Management LLC is a limited liability company formed pursuant to California law. Greene Decl., ¶ 12. NXGN Management LLC's sole member and owner is NextGen Healthcare, Inc. NXGN Management LLC does not have any corporate headquarters or physical locations in California. *Id.*

## III. LEGAL ARGUMENT

### A. The Legal Standard For The Court's Jurisdiction.

This Court has original jurisdiction over this action based on complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See id.* When a party removes a matter to federal court on the basis of diversity jurisdiction, diversity must have existed at the time the matter was initiated in state court, and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002). Where a party's allegation of jurisdictional facts is challenged, the party asserting diversity jurisdiction must support its allegation "by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010); *see, e.g., Sanchez v. Elevance Health Companies, Inc.*, 2023 WL 8235238, at *2 (C.D. Cal. Nov. 27, 2023) (adjudicating "principal place of business" issue on the basis of a declaration from a corporation's "human resources professional"); *see also Jimirro v. Paley Center for Media*, 2025 WL 833439, at *2 (C.D. Cal. Mar. 17, 2025) (defendant employer's declaration deemed "competent proof" to support its diverse "principal place of business").

For diversity purposes, a corporation is deemed a citizen of every state of incorporation and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" means the place where a corporation's board and high-level officers direct, control and coordinate its activities, which is often referred to as the corporation's "nerve center." *See Hertz Corp.*, 559 U.S. at 80-81. The nerve center is

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

where the corporation's "officers make significant corporate decisions and set corporate policy" even if certain corporate decisions or policies are made elsewhere. *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 172 (4th Cir. 2014).

**B. There Is Complete Diversity Of Jurisdiction Between the Parties.**

Defendant NextGen's evidentiary showing establishes that Chicago, Illinois, and Miami, Florida is where its "high level officers direct, control and coordinate the corporation's activities," within the meaning of the *Hertz* decision and therefore complete diversity exists between the Defendants and Plaintiff, a California citizen.[1] Importantly, NextGen's in-person meetings in Chicago and Miami are significant for a remote first company, because this is when all ELT and the Board of Directors meet to direct, control and coordinate the corporation's:

1) Strategies for use and development of technology and engineering plans for development of new and existing products;
2) Business objectives, such as revenue and EBITDA targets;
3) Corporate planning, for example discussing and approving acquisitions and business partnerships;
4) Financial decisions, such as (i) setting the annual operating budget; (ii) reviewing the Company's management of operations consistent with the budget; (iii) making necessary adjustments to the budget and business operations to operate within the budgetary parameters developed by the Board of Directors; and (iv) reviewing, analyzing and approving requests for corporate expenditures in excess of $500,000 in the aggregate;
5) Information technology and cybersecurity decisions, such as overseeing all information security of the corporation;
6) Administrative decisions, such as (i) approving the grant of equity units to employees and whether to repurchase the equity units of terminated

[1] Plaintiff does not dispute that NXGN, a limited liability company, is a citizen of its sole member NextGen. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business.").

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

> employees; (ii) appointing the officers of the corporation; (iii) approving the compensation of the officers of the corporation; (iv) approving the payment of any annual bonus to the employees of the corporation; (v) approving the establishment or dissolution of any subsidiaries of the corporation.

Greene Decl., ¶ 9. *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.,* 805 F.Supp.2d 932, 940-41 (C.D. Cal. 2011) (finding that where a corporation's executive-level decisions are made is determinative under the "nerve center" test).

In the Motion, Plaintiff, relying on incorrect information about the ELT and conclusory allegations regarding NextGen's operations, asserts that NextGen is "based" in California simply because it does business in California. *See* Dkt. 12, Motion at p. 7. However, Plaintiff's contention is not supported by any legal authority because "the issue of 'principal place of business' no longer resolves into an examination of the relative amounts of corporate business activities occurring within particular states." *Jimirro*, *supra*, 2025 WL 833439, at *2.

Indeed, a corporation's day-to-day operations are not relevant to the nerve center test for determining a corporation's principal place of business for purpose of diversity jurisdiction. *See Hoschar*, *supra*, at 172 ("We concluded that if a corporation's day-to-day operations are managed in one state, while its officers make significant corporate decisions and set corporate policy in another, the principal place of business is the latter."); *see Holland-Thielen v. Space Expl. Techs. Corp.*, 2024 WL 4652812, at *6 (C.D. Cal. Oct. 24, 2024) ("While the record shows that SpaceX conducted its day-to-day operations from its Hawthorne headquarters at the time of filing, this evidence does not satisfy the 'nerve center' test. Rather, the Court must direct its analysis to the location where SpaceX's officers directed, controlled, and coordinated corporate activities.") *see also L'Garde, Inc.*, *supra*, 805 F.Supp.2d at 940-41 (defendant's principal place of business was in Massachusetts under the nerve center test, notwithstanding defendant's "highly visible business activities within the state" of California). Rather, the Court must direct its analysis to the location where NextGen's officers direct, control, and coordinate corporate

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

activities. Here, the Board of Directors and the ELT direct, control and coordinate corporate activities from Chicago and Miami.

Moreover, Plaintiff's conclusory and false statements regarding ELT members and NextGen's operations are insufficient to refute diversity among the parties. *See Ganesan v. GMAC Mortg., Inc.*, 2011 WL 1496099, at *2 (N.D. Cal. Apr. 20, 2011) (finding conclusory statements of location of headquarters insufficient absent other evidence under nerve center test). Contrary to Plaintiff's claims, as of the date the Complaint was filed and the date of Removal, neither Donna Greene, the Chief Human Resources Officer, nor David Sides, the Chief Executive Officer, were located in California. In fact, 77% of the thirteen (13) ELT members are located outside of California and 75% of the Board of Directors are also outside of California. *See* Greene Decl., ¶ 7. In fact, just within the relevant period of August 2025 to September 26, 2025, ELT members that maintain a home in California spent a combined 50 business days working outside of California. *See* Greene Decl., ¶ 8. For instance, between August 2025 and September 2025, Mr. Velamoor, the COO of NextGen, spent 52% of business days outside of California and also traveled for work on four (4) weekend days. *Id*. The "operational brain" of the company, as Plaintiff asserts, does not operate in California because the corporation's ELT and Board of Directors travel to meet quarterly in person either in MDP's office in Chicago or Thoma Bravo's office in Miami, whereby a substantial majority of the high-level corporate decisions, including operational, executive, financial, strategic and administrative policy are all made. *See* Greene Decl., ¶ 9. Moreover, in addition to these in-person meetings, members of the Board of Directors routinely engage with relevant members of the ELT, including on a bi-weekly basis, to oversee the Company's business operations from their corporate headquarters in Chicago and Miami. Greene Decl., ¶ 6.

Plaintiff's assertions to the contrary are unavailing. Plaintiff has no personal knowledge to support her conclusory statements regarding NextGen's Board meetings because she was never privy to those meetings. Notably, Plaintiff admits in her Complaint she has no personal knowledge of Defendants' operations because she never attended

quarterly in-person Board meetings and "in her six years [of employment], [Plaintiff] had only been invited once before to a Board meeting, and it was virtual." *See* Dkt. #1-2, Plaintiff's Complaint, at p. 13:1-2. Furthermore, Plaintiff has no knowledge of NextGen's operations following her termination on November 6, 2024, and certainly had no knowledge of NextGen's ELT and Board meetings on August 25, 2025, when she filed her Complaint nor at the time of Defendants' removal on September 26, 2025. *See* Dkt. #1-2, Plaintiff's Complaint, at p. 13, ¶ 31.[2] *See Strotek Corp.*, 300 F.3d at 1131 (diversity is measured at the time the matter was initiated in state court and at the time of removal). Therefore, it is not surprising that Plaintiff did not know NextGen's Board of Directors are heavily involved in high-level strategic, financial, and operation decision making of the corporation. *See* Greene Decl., ¶¶ 6-7.

Although not determinative to a corporation's "nerve center," Plaintiff is also wrong that all paper documentation are maintained in California. *See* Dkt. 11-3, at p. 4 ¶ 11; *see also* Dkt. 12, at pp. 7-8. Since at least March 31, 2025, NextGen's records were not maintained in California and NextGen no longer has any offices in California. *See* Greene Decl., ¶¶ 11-12.

In addition, Plaintiff's sole reliance on LinkedIn screenshots is insufficient to show NextGen's nerve center is in California. *See N. Cal. Power Agency v. AltaRock Energy, Inc.*, 2011 WL 2415748, at *2–3 (N.D. Cal. June 15, 2011) (finding a Secretary of State printout insufficient as sole piece of evidence to prove a party's nerve center); *see also Hertz*, *supra*, at 97 (finding "the mere filing of a form ... listing a corporation's 'principal executive offices' would, without more," is insufficient proof to establish a corporation's "nerve center"). "California district courts have found that reliance on a single piece of evidence … is insufficient for a party to prove the location of its headquarters under the nerve center test." *L'Garde, Inc.*, 805 F.Supp.2d at 940. The relevant nerve center inquiry remains the place where a corporation's board and high-level officers direct, control and coordinate its activities, not where it is "based" as Plaintiff asserts. *See Hertz Corp.*, 559

[2] Please see Defendants' Evidentiary Objections.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

U.S. at 80-81.

In contrast to Plaintiff's feeble evidence, Defendants have presented "by competent proof" a variety of facts that, based on the totality of the circumstances, establishes NextGen's ELT and Board of Directors direct, control and coordinate the corporation's activities from Chicago and Miami. *See* Greene Decl., ¶¶ 2-12. Accordingly, this action is analogous to *L'Garde, Inc.*, whereby the Central District determined the corporation's nerve center was in Massachusetts "based on the totality of the circumstances" and the "variety of facts" presented, the board of directors met in Massachusetts and the corporation's nationwide operations originated in Massachusetts. *See L'Garde, Inc.*, 805 F.Supp.2d at 940-941; *See also, e.g., Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 107 (4th Cir. 2011) (where seven of eight corporate officers made strategic decisions out of corporation's Michigan location, corporation's nerve center was in Michigan. This was so even though one corporate officer worked in West Virginia and day-to-day operations were conducted out of West Virginia, including the purchasing of materials, product sales, environmental compliance, and human resources.) Accordingly, there is complete diversity between the parties.

**C. Plaintiff Failed to Meet and Confer.**

Plaintiff never discussed thoroughly the bases for Plaintiff's Motion as required by Local Rule 7-3, which provides that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly … the substance of the contemplated motion and any potential resolution … at least 7 days prior to the filing of the motion." Had Plaintiff discussed thoroughly the substance of the Motion, she would have learned her factual contentions are wrong and her Motion is without merit. Plaintiff's failure to comply with Local Rule 7-3, meant to prevent unnecessary motions, provides complete grounds for denying her Motion. *See Clemens v. DaimlerChrylser Corp.,* 2006 WL 6022681, *6 (C.D. Cal. 2006) (ruling motion would only be considered after 7-3 conference took place). Consequently, Defendants request that Plaintiff's Motion be denied due to her failure to comply with Local Rule 7-3.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiff's Motion for Remand.

Dated: November 10, 2025

LITTLER MENDELSON, P.C.

*/s/ Shiva S. Davoudian*

Shiva S. Davoudian
Hider J. Al-Mashat

Attorney for Defendants
NEXTGEN HEALTHCARE, INC.; NXGN MANAGEMENT, LLC

4935-8592-2422.4 / 127286.1004

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**CERTIFICATE OF COMPLIANCE (LOCAL RULE 11-6.2)**

The undersigned, counsel of record for Defendants Nextgen Healthcare, Inc. and NXGN Management, LLC certifies that this brief contains 4,886 words, which complies with the 7,000 word limit set forth in Local Rule 11-6.1 exclusive of the caption, the table of contents, the table of authorities, the signature block, this certification, and any indices and exhibits.

Dated: November 10, 2025

LITTLER MENDELSON, P.C.

*/s/ Shiva S. Davoudian*

Shiva S. Davoudian
Hider J. Al-Mashat

Attorney for Defendants
NEXTGEN HEALTHCARE, INC.; NXGN MANAGEMENT, LLC